```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
          AT NASHVILLE
```

KATHLEEN WHITFIELD,            )
                               )
       Plaintiff               )
                               )        No. 3:17-0602
v.                             )        Judge Campbell/Brown
                               )        **Jury Demand**
WALGREEN BOOTS ALLIANCE, INC., )
*et al.*,                      )
                               )
       Defendant               )

**TO:  THE HONORABLE WILLIAM L. CAMPBELL, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

### BACKGROUND

The Plaintiff in this matter, with the assistance of an attorney, filed her complaint in this matter on March 16, 2017, in state court and the Defendant removed the case to federal court (Docket Entry 1). The complaint in the matter, which was filed on August 22, 2016, in state court (Docket Entry 1-1, pp. 4-11)alleged that on August 22, 2015, the Plaintiff slipped on the Defendant's premises and injured herself due to the Defendant's negligence. A scheduling order was entered by Judge Trauger (Docket Entry 8) on May 30, 2017.

The scheduling order provided that all fact discovery would be completed by the close of business on February 1, 2018. The Plaintiff was required to identify her expert witnesses and provide the Defendant the information required under Rule 26(a)(2)(B) by February 15, 2018. The case was set for trial on June 12, 2018, before Judge Trauger (Docket Entry 9).

The next activity in the case was a motion to withdraw by the Plaintiff's counsel on November 15, 2017 (Docket Entry 10). Judge Trauger

held this motion in abeyance until Plaintiff's counsel complied with Local Rule 83.01(g) (Docket Entry 11). Subsequently, after Plaintiff's counsel complied with that rule (Docket Entry 12), Judge Trauger granted the motion to withdraw (Docket Entry 13). In her order she allowed the Plaintiff to be given 60 days to obtain new counsel. Her order was entered on November 27, 2017.

Subsequently, on February 14, 2018, the Defendant filed a motion to compel (Docket Entry 14) the Plaintiff to answer the Defendant's first set of interrogatories and requests for production of documents, or in the alternative, for the court to dismiss the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In their motion they state that they propounded the interrogatories and requests for production to the Plaintiff on October 2, 2017, and as of the date of their motion on February 14, 2018, they had received no response. In their memorandum they note that even though more than 90 days had passed from their request to the filing of the motion they had abstained from seeking response in order to allow the Plaintiff to find new counsel or to decide to proceed *pro se*.

Counsel also notes in their memorandum (Docket Entry 15 at pp. ID 93 and 94) they attempted to confer with the Plaintiff by letter to obtain responses to the outstanding discovery requests and that the Plaintiff had failed to respond to the Defendant's letter or otherwise provided any response to the outstanding discovery requests. They note that the Plaintiff had not requested additional time from either the Court or the Defendant and that she had not provided the Court or counsel with any notice of a change of address.

2

Subsequently, Judge Trauger transferred the case to Judge Campbell on February 15, 2018, and the matter was referred to the undersigned for case management (Docket Entry 17).

After reviewing the file, the undersigned entered an order on February 22, 2018, noting that the parties had not provided the Court with a joint mediation report on December 1, 2017, as required by the scheduling order and the Plaintiff was allowed 60 days to secure counsel or she would be deemed as proceeding *pro se*. The order also noted that the United States Postal Service tracking forms showed that the letter to the Plaintiff's address could not be delivered. The Clerk was directed to send a copy of the Court's order to the Plaintiff's former attorney and he was requested to notify the Court if he an address or telephone number for the Plaintiff and, if so, to promptly provide it to the Court.

The Plaintiff was specifically directed to respond to the Defendant's motion to compel discovery within 14 days of the entry of the order and was cautioned that failure to respond or take some action on their case could result in it being dismissed with or without prejudice for failure to prosecute and to obey Court orders.

The Defendant has now filed a formal motion to dismiss for lack of prosecution, supported by a memorandum of law (Docket Entries 19 and 20). The Court has received information from the Plaintiff's former counsel (Docket Entry 19) where it appears he does not have any other address other than what is on the docket sheet.[1]

---

[1] Understood, your Honor. The two most recent addresses we had for Ms. Whitfield were: 1675 Sleepy Hollow Road, Hartsville, TN 37074, and previously: 478 Parker Road, Portland, TN 37148. The contact numbers we had were: 615-756-9384. Her mother was occasionally able to reach her, and that number is 931-259-6646. Ms. Whitfield's living situation is……fluid…..due to a variety of personal issues. We also went through several phases where we were unable to reach her. After we withdrew, we sent a copy of her file to her several times and it was never claimed.

**LEGAL DISCUSSION**

A court must be able to control its docket. The Plaintiff brought this case and unfortunately now appears to have lost contact with both her former attorney and the Court, as well as opposing counsel. The case cannot proceed unless the Defendants can obtain proper responses to discovery. In this case the Plaintiff was given 60 days in which to secure the services of an attorney and she has not done so. The Plaintiff was given a straightforward order to respond to the Defendant's motion to compel discovery within 14 days and that failure to respond or take some action on her case could result in it being dismissed. As of the date of this report and recommendation nothing further has been heard from the Plaintiff.

The dismissal of a case should not be undertaken lightly. The Sixth Circuit has set forth a four-part test to apply when considering an involuntary dismissal of a case. *See Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997); *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001); and *Bowels v City of Cleveland*, 129 Fed. Appx, 239 (6th Cir. 2005) (unpublished opinion). The criteria to be considered are as follows:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

---

If I can be of any further assistance, please do not hesitate to ask.

4

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro* at 992.

The Plaintiff was warned that failure to keep a current address could jeopardize the prosecution of her case. She has been given clear instructions by the District Judge that she had 60 days to obtain an attorney or to proceed *pro se*. She has apparently changed her address, failed to notify either opposing counsel or the Court of any new address, or to pick up her file. Her failure to prosecute, therefore, appears willful.

The Plaintiff has failed to respond to discovery requests which are necessary to the Defendant's ability to defend in the matter and she has been warned of the consequences of failing to do so.

Under these circumstances the Magistrate Judge believes that a dismissal under Rule 41(b) is appropriate. The Court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626,630-31 (1962).

The Magistrate Judge has considered the less drastic sanction of dismissal without prejudice, rather than dismissal with prejudice and will recommend the lesser sanction.[2]

---

[2] Even though the dismissal is without prejudice, statute of limitations issues may prevent a refiling of a similar complaint.

5

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends this case be dismissed without prejudice for failure to obey Court orders and to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 16th day of March.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge